IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

INVESTOR RELATIONS SERVICES,    )
INC. and CHARLES ARNOLD,        )
                                )
     Petitioners,               )
                                )
     v.                         )          1:04CV565
                                )
MICHELE AUDIO CORPORATION OF    )
AMERICA, INC. and MICHELEX      )
CORPORATION, INC.,              )
                                )
     Respondents.               )

MEMORANDUM OPINION AND ORDER

Petitioners Investor Relations Services, Inc. and Charles Arnold ("Petitioners") have filed this action seeking to confirm an arbitration award.  Petitioners now seek an order directing the U.S. Marshals Service to serve the petition upon Respondents Michele Audio Corporation of America and Michelex Corporation. For the reasons stated below, the court will deny the motion.

If the adverse party in a suit to confirm an arbitration award is "a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found <u>in like manner as other process of the court</u>." 9 U.S.C. § 9 (emphasis added).  The scant case law interpreting § 9 holds Federal Rule of Civil Procedure 4 supplements § 9's nonresident-service requirements.  Thus, service under either § 9

or Rule 4 is sufficient to give a nonresident respondent notice of the action to confirm an arbitration award. See Reed & Martin, Inc. v. Westinghouse Elec. Corp., 439 F.2d 1268, 1277 (2d Cir. 1971) ("The phrase 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to Fed. R. Civ. P. 4['s] [requirements for] the accomplishment of appropriate service . . . ."); Hancor, Inc. v. R&R Eng'g Prods., Inc., 381 F. Supp. 2d 12, 15 (D.P.R. 2005); cf. InterCarbon Bermuda, Ltd. v. Caltex Trading & Transp. Corp., 146 F.R.D. 64, 67 n.3 (S.D.N.Y. 1993) (interpreting 9 U.S.C. § 12 by noting it and § 9, which are substantially similar, both incorporate, for service upon a nonresident, Rule 4's service requirements).

 The rationale is that § 9's text does not account for Rule 4's amendments during the 1980s that "substantially changed the identity of those who may serve process." Id. Before those amendments, the marshal was the usual process server. Id. With Rule 4's amendments that expanded appropriate methods of service, courts should now interpret § 9 requirements for service upon nonresidents to incorporate those expansions. This court accepts this rationale and rule and applies it to this case.

 Thus, since Rule 4 supplements § 9, Petitioners do not need to use the marshal and can use any of Rule 4's methods. The court sees no need to order the U.S. Marshals to effectuate service when other, easier methods are available.

2

Case 1:04-cv-00565-WLO   Document 17   Filed 01/20/06   Page 2 of 3

Thus, for the reasons stated above,

The court **DENIES** Petitioners' Motion for an Order Directing the U.S. Marshals Service to Serve Respondents [13].

This the 20th day of January 2006.

　　　　　　　　　　　　　　　　　／s／ William L. Osteen
　　　　　　　　　　　　　　　　　United States District Judge